IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JACQUEZ DADE, PRO SE, <br> TDCJ-CID No. 1797028, <br><br> Plaintiff, <br><br> v. <br><br> CO IV MICHEAL J. TIMMONS, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 2:14-CV-0192 |

## REPORT AND RECOMMENDATION

Plaintiff JACQUEZ DADE, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed in forma pauperis.

Upon review of plaintiff's complaint, the Court issued a Briefing Order Questionnaire, to which plaintiff filed his response on December 23, 2014.

By his Complaint, plaintiff alleges that, on July 8, 2014, defendant TIMMONS "applied an uneeded [sic] use of force to provoke and aggravate" during which the defendant strangled and improperly restrained plaintiff. The sole harm alleged by plaintiff is that he received some pain medications on August 15, 2014. Plaintiff does not state any injury was diagnosed at that or any other time.

As relief, plaintiff requests to "file for assault, harrassment [sic], extortion and retaliation." He also requests a transfer and "recorded and case reviews."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

**RELIEF**

In part, plaintiff has requested the following relief: file for assault, harassment, extortion and retaliation. To the extent plaintiff is asking that criminal charges for assault, harassment, extortion and retaliation be filed, plaintiff cannot obtain criminal charges against a defendant through this lawsuit. See *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

536 (1973) (a private citizen does not have judicially cognizable interest in the prosecution or non-prosecution of another person). Since plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, he lacks standing to even raise such a claim. *Id.*, at 619. Therefore this claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

To the extent plaintiff wants the defendant to be fired from his job or disciplined in some other way, that request is also frivolous. Federal courts are not personnel directors of state prison systems, and such relief is therefore also unattainable in this action. *See, Maxton v. Johnson*, 488 F.Supp. 1030, 1032, n. 2 (D.S.C.1980), citing *United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir.) (a federal district court lacks the inherent power to hire or remove officials not within the executive control of that federal district court), *cert. denied sub nomine, Clippinger v. United States*, 364 U.S. 818, 81 S.Ct. 50, 5 L.Ed.2d 48 (1960).

Plaintiff also requests a transfer; however that request is moot as he has since been transferred from the Jordan Unit to the Clemens Unit.

**DISCIPLINARY CASES**

The remaining relief plaintiff requests is "recorded and case reviews." This appears to be a request that the Court review the recorded use of force and then review the cases plaintiff received based on the incident. Plaintiff does not allege any failure of due process in connection with either of the two disciplinary cases he received: one, for failure to obey an order to push a load of dirty laundry and one, for "refusing to stop struggling and keep walking." Plaintiff states he did not suffer a lose of any accumulated goodtime credits as a result of the determination of guilt in these two cases.

Judging by the relief he has requested, it appears plaintiff is primarily attacking the results

of the two disciplinary hearings. Any claim in this respect lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In the aftermath of *Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), a prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995)). Since plaintiff did not lose any accumulated goodtime credits, he has no federally protected liberty interest in the disciplinary hearings conducted on these two cases.

**USE OF FORCE**

Plaintiff states that, after he refused an order given by an Officer Solis, a video camera was called and plaintiff was handcuffed. Plaintiff says he was being escorted to a pre-hearing detention cell (PHD) when he was approached by defendant TIMMONS and TIMMONS took plaintiff's left arm "applying pressure to provoke without serious injury." Plaintiff states no fact to support his speculative allegation that TIMMONS' grip was for the purpose of provoking plaintiff. Plaintiff says he questioned defendant TIMMONS' action and then he argued with TIMMONS. Plaintiff says TIMMONS then tried to take him to the ground by jumping on plaintiff's back and, when this failed, he put his forearm around plaintiff's Adam's apple until plaintiff was subdued.

Plaintiff may not have liked TIMMONS' grip on his arm, but plaintiff, himself, has stated it was applied without causing injury and during his escort to PHD. Plaintiff's version of the events shows he questioned and argued with defendant TIMMONS' grip on his arm during his

escort to PHD. TIMMONS' initial grip on plaintiff's arm does not meet the standard of force which is "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986). Plaintiff's allegations show TIMMONS initially only gripped plaintiff's left arm and, when plaintiff became argumentative, TIMMONS took the actions necessary to bring plaintiff down so he could be further controlled. By plaintiff's allegations, the escalation in the use of force by TIMMONS was conducted for the purpose of maintaining or re-establishing security and discipline, not for the sadistic and malicious purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992).

To the extent plaintiff is attempting to argue that no additional force should have been utilized because he was already handcuffed, plaintiff's allegations show he was argumentative and resisting TIMMONS. The Fifth Circuit has long recognized that simply handcuffing a suspect does not instantly and completely eliminate all risks that the suspect will flee or do harm to others. *United States v. Sanders*, 994 F.2d 200, 209 (5th Cir. 1993). As noted by the *Sanders* Court:

> Handcuffs are a temporary restraining device; they limit but do not eliminate a person's ability to perform various acts [citation omitted.] They obviously do not impair a person's ability to use his legs and feet, whether to walk, run, or kick. Handcuffs do limit a person's ability to use his hands and arms, but the degree of the effectiveness of handcuffs in this role depends on a variety of factors, including the handcuffed person's size, strength, bone and joint structure flexibility, and tolerance of pain. Albeit difficult, it is by no means impossible for a handcuffed person to obtain and use a weapon concealed on his person or with lunge reach, and in so doing to cause injury to his intended victim, to a bystander, or even to himself. Finally, like any mechanical device, handcuffs can and do fail on occasion.

*Id.* at 209.

All of the relief plaintiff requests is unavailable in a prisoner civil rights action; therefore, his claims for relief lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Further, the facts alleged by plaintiff will not support a claim of a violation of the Fourteenth Amendment right to due process or the Eighth Amendment prohibition of cruel and unusual punishment.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JACQUEZ DADE be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ____3rd____ day of August, 2016.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).